KITZMILLER v. LIFE & CASUALTY INS. CO. No. 4.—132 S. W. (2d) 641.

Eastern Section. June 17, 1939.

Petition for Certiorari denied by Supreme Court, October 7, 1939.

Guinn, Mitchell & Erwin, of Johnson City, for plaintiff in error.

McKinley Green and Crouch & Crouch, all of Johnson City, for defendant in error.

McAMIS, J.  Plaintiff below, Maude Kitzmiller, has appealed in error to this court from a judgment of the Circuit Court of Washington County, based upon a jury verdict, dismissing her suit as beneficiary under an accident policy issued by the Life and Casualty Insurance Company under date of April 13, 1936, upon the life of

her brother Parks Kitzmiller. The policy is one of limited coverage, providing for $1,000 death benefits should the insured suffer death as the result of an accident as defined by the terms of the policy and, if he survived such accident, for stipulated amounts for loss of certain members of his body.

Insured was killed while driving a Ford roadster on a mountain road in the state of California on June 6, 1937. Insured, accompanied by two young ladies eighteen years of age and a man by the name of Ray Clemmons, was driving up the mountain at the rate of about twenty miles per hour when the car collided with an embankment on the left side of the road. To overcome the force of this collision insured pulled too far to the right and the car overturned on the right side of the highway. All of the four parties were seated in the single seat of the roadster, one of the young ladies being seated between insured and Clemmons and the other on Clemmons' lap.

Section 596 of the Vehicle Code of the State of California (St. 1935, p. 194) makes it a misdemeanor to drive a vehicle in that State "when it is so loaded, or when there are in the front seat such number of persons as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle."

The defendant Insurance Company interposed a plea of the general issue and, by special pleas, certain specific defenses, one of which invokes the following policy provision:

"This policy does not cover . . . loss or injury sustained by the Insured while he has physically present in his body alcoholic or intoxicating liquors or narcotics in any degree or during the period of time the Insured is committing some act in violation of either State, County or municipal law, whether having in his body physically present such liquors or narcotics or whether such violation of law has any causal connection with the accident, injury or loss or not."

We need not consider the validity of that part of the policy clause, quoted above, exempting the Company from liability even though the violation of law had no causal connection with the accident. It is insisted in behalf of plaintiff that there is no material evidence that the crowded condition of the car contributed in any manner to the death of the insured. The trial court, upon objection, excluded the opinion of two of the occupants upon this question but, if this testimony be now considered, as counsel now seem to ask, it appears that one of these witnesses expressed the opinion that the crowded condition of the car interfered with its operation. However, we think the jury would have been warranted in reaching the conclusion that the crowded condition of the car must necessarily have interfered with the vision of the driver and with the operation of the car in the emergency resulting from the car striking the embankment on the left side of the highway. Clearly, we think the find-

ing of the jury sustaining this defense, approved by the trial judge, must be sustained unless, as plaintiff insists, the court erred in charging the jury as to the burden of proof upon this issue.

This brings us to the principal contention of plaintiff, that the trial court erred in giving effect in the charge to the jury to the following provision of the policy:

"The burden of proof shall be upon the person suing to prove that the loss or injury is covered by this policy, and the burden of proof shall not be upon the Company to show that the loss or injury was occasioned by an excepted cause."

■ It is insisted that this provision of the policy is invalid because it contravenes a settled rule of trial practice in this State requiring the insurer, in an action upon the policy, to show by a preponderance of the evidence that the cause of loss falls within one of the exceptions of the policy.

Some authorities hold to the view, earnestly pressed by counsel for plaintiff, that the courts have the right to determine rules of evidence and of practice controlling in the disposition of cases, free from any contractual limitations of the parties, and that any contractual provision contained in the contract which tends to impinge upon this right is invalid and will not be given effect. Opposed to this view are other authorities, more numerous, which hold that there is no vested right in a rule of evidence and the parties may, by contract, change an established rule of evidence, and provide that a different rule shall apply in determining controversies that may arise between the parties to the contract. Cases dealing with this subject are collected in the notes in 62 A. L. R., 39 where, it is said, the weight of authority supports such provisions in accident policies. See, also, notes 40 A. L. R., 1274.

Upon this point, Tennessee appears to be definitely aligned with the majority view. Mays v. Sovereign Camp, W. O. W., 151 Tenn., 604, 271 S. W., 34, 40 A. L. R., 1266; Pannell v. Sovereign Camp, W. O. W., 171 Tenn., 245, 248, 102 S. W. (2d), 50. Both of these cases dealt with a provision of the policy undertaking to define the character and quantum of proof necessary to establish liability and it was held in both cases that such provisions are enforceable against one sui juris who accepts them and agrees to abide by them, if reasonable.

■ We think these cases are conclusive of the question under consideration. The provisions in the policies involved in the cases cited appear to us more far reaching and drastic than the provision invoked in this case. The effect of the provision sustained in the Pannell case is to deprive the insured of the right to resort to circumstantial evidences in a suit upon the policy when, as might often be the case, such evidence would be the only means of establishing liability. In the Mays case the insured was deprived of the benefit of the statutory presumption of death arising from seven years'

unexplained absence. The provision under consideration in this case merely provides, in effect, that the presumption shall obtain that the insured was injured as the result of an excepted risk. In view of the very limited nature of the policy and the fact that the cause of death or injury (in case suit is brought by the insured for loss of a member) is often peculiarly within the knowledge of the insured, his friends, companions and relatives, making it difficult for the insurer to establish the true facts, we think a provision placing the burden of proof upon the insured is reasonable and binding.

It results that there is no error in the action of the court in following the terms of the contract and charging the jury that the burden of proof rested upon plaintiff to establish by a preponderance of the evidence that the death of insured occurred as the result of some other cause than the excepted risks specially pleaded by defendant and the assignments directed to this action of the court are overruled.

The point is made that defendant assumed the burden of proof on these points by pleading specially that the insured was engaged in the commission of an act involving a violation of law at the time he was killed. Since this burden fell upon plaintiff under the terms of the contract, the only effect of the plea was to invoke a right conferred under the contract.

It is also insisted that the charge is confusing and conflicting in respect to the question of the burden of proof. The court charged the jury that if the evidence was equally balanced or preponderated in favor of defendant upon the issue of whether insured was engaged in a violation of law at the time he was killed the jury should return a verdict in favor of defendant, the burden of proof in that respect being upon plaintiff to show by a preponderance of the evidence that insured was not engaged in a violation of law. This, as we have indicated, was a correct charge and we find no conflict between it and any other portion of the charge. The assignments upon this ground are accordingly overruled.

The jury returned a general verdict and, under the well-settled rule, if there is material evidence to support the verdict upon any one ground the verdict must be sustained even though other grounds of defense were interposed and not established by proof. For this reason, there being no complaint that this issue was improperly submitted to the jury over plaintiff's objection, we find it unnecessary to consider the question, made below, that insured had alcohol physically present in his body at the time he was killed.

The foregoing, we believe, disposes of all of the questions raised by the assignments of error necessary to determine the merits of this appeal in error and it results that the verdict of the jury, based upon material evidence and approved by the trial judge, must be sustained and the judgment below affirmed, with costs.

Portrum and Ailor, JJ., concur.